■ In the Matter of 124 WEST 23RD STREET, LLC, Appellant, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT et al., Respondents. [968 NYS2d 39]—

Judgment, Supreme Court, New York County (Joan B. Lobis, J.), entered December 7, 2012, denying the petition seeking to annul respondents' determination to reject petitioner's application for certain tax benefits pursuant to RPTL 421-a, and dismissing the proceeding brought pursuant to CPLR article 78,

unanimously reversed, on the law, without costs, and the petition granted to the extent of annulling respondents' determination and directing respondents to grant petitioner's application.

Respondents' denial of petitioner's application for certain tax benefits under RPTL 421-a, on the ground that construction on petitioner's project was commenced after June 30, 2009, must be annulled because it was affected by an error of law (CPLR 7803 [3]). Construction of the subject property was clearly "commenced" on or before June 30, 2009, entitling petitioner to a partial exemption from a cap on tax benefits pursuant to RPTL 421-a (12). RPTL 421-a (2) (g) provides that construction "shall be deemed 'commenced' when excavation or alteration has begun in good faith on the basis of approved construction plans." Petitioner satisfied the definition of "commenced" by lawfully beginning to excavate on the subject property on June 30, 2009 based on a foundation permit that Department of Buildings (DOB) issued on June 25 on the basis of its approval of petitioner's foundation plans. On June 25, DOB also approved petitioner's architectural and structural plans in support of another permit application. Accordingly, there was no rational basis for respondents to determine that petitioner's excavation on June 30, 2009 did not satisfy the requirement that construction be commenced on or before June 30, 2009.

In denying petitioner's application, respondents relied on local laws providing that construction shall be deemed to have "commenced" after or upon DOB's issuance of permits based upon architectural and structural plans approved by DOB (see Administrative Code of City of NY § 11-245 [d]; 28 RCNY 6-09 [a]). According to respondents, petitioner commenced construction after June 30, 2009 within the meaning of those provisions because DOB issued a permit based on approved architectural and structural plans on July 6, 2009. However, the provisions upon which respondents rely improperly "alter the effect" of RPTL 421-a (12) (RPTL 421-a [2] [i]) by narrowing the definition of "commenced" as it exists in the RPTL. Accordingly, the definition of "commenced" in the RPTL controls. Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels, Gische and Clark, JJ.